UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON VOLTZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAPITAL ONE AUTO FINANCE and )<br>DRIVEN AUTO SALES, )<br>)<br>Defendants. ) | No. 2:23CV400-PPS/JEM |

## OPINION AND ORDER

Aaron Voltz, acting *pro se* without an attorney, has filed a complaint against Capital One Auto Finance and Driven Auto Sales alleging violation of federal Truth in Lending laws. [DE 1.] Voltz also seeks to proceed without paying the customarily required filing fee. [DE 2.] Rather than complete the form financial affidavit that functions as a motion to proceed in forma pauperis, Voltz has submitted a blank form of that kind and attached his "Prayer for Initiating Claim without Prepaying fees to redress government for relief." [*Id.*] Voltz appears to argue that the First Amendment right to petition the government for redress of grievances, along with the federal statute providing that the federal courts are deemed always to be open (28 U.S.C. §452), together prohibit a requirement of paying a filing fee to initiate his lawsuit.

The law has not been interpreted that way. The constitutional right of access to the courts "is subject to Congress's Article III power to set limits on federal jurisdiction," and "Congress is not obligated to provide free or unlimited access to the courts." *Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019). For example, in *Ortwein v. Schwab*, 410 U.S. 656, 658-660 (1973) (*per curiam*), the Supreme Court held that neither the First Amendment nor the Due Process Clause requires courts to waive the filing fee for welfare benefits litigation. *See also United States v. Kras*, 409 U.S. 434 (1973) (statutorily imposed bankruptcy filing fees upheld against a constitutional challenge). I therefore reject Voltz's petition to proceed without prepayment of the filing fee on legal grounds.

Voltz's financial situation may or may not support granting him leave to proceed without paying the filing fee. But he has not completed the application with the necessary financial information to enable me to make that determination. The current motion will be denied without prejudice, and the Clerk directed to provide Voltz with this court's form motion, which he can complete and submit back to the Clerk for filing. Voltz's fee status will have to be resolved before the lawsuit can proceed.

ACCORDINGLY:

Plaintiff Aaron Voltz's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 2] is DENIED WITHOUT PREJUDICE.

The Clerk is directed to provide Voltz with a copy of this order, along with a blank AO 239 (INND) Motion to Proceed In Forma Pauperis.

No later than **December 22, 2023,** Voltz shall either pay the filing fee or submit a completed Motion to Proceed In Forma Pauperis. Failure to comply may result in the dismissal of this case without prejudice.

ENTERED: November 21, 2023.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**