UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AARON VOLTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:23CV400-PPS/JEM |
| ) | |
| CAPITAL ONE AUTO FINANCE and ) | |
| DRIVEN AUTO SALES, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The repetitive conduct of *pro se* plaintiff Aaron Voltz requires me to repeat myself. On November 21, I rejected Voltz's argument that the First Amendment and federal law do not permit the court to charge a filing fee to proceed with an action in federal court. [DE 3.][1] Voltz was granted time to either pay the filing fee or submit a completed Motion to Proceed In Forma Pauperis. Instead, Voltz has returned another blank in forma pauperis affidavit and another argument along the same lines, asserting that an "aggrieved living man" such as himself is entitled to free access to the federal courts. [DE 4 at 3-4.]

None of the cases Voltz cites support his legal proposition, which I have already found to be without merit. The federal courts are permitted to charge a filing fee, but also by statute are authorized to permit a civil case to be initiated without prepayment of the fee by a person who submits an affidavit that includes a statement of all his assets in support of a claim that he is unable to pay the fee. 28 U.S.C. §1915(a)(1).[2]

ACCORDINGLY:

---

[1] Due to the inattention of court staff, my November 21 opinion was prepared with a header referencing a different federal district court. Despite the typographical error, the opinion was mine, and was issued by the Northern District of Indiana, Hammond Division, for application to this case.

[2] Section §1915(a)(1) contains three generic references to a "person," along with one use of the word "prisoner." The provision has been universally interpreted to apply to non-prisoners as well as prisoners. *See, e.g., Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 767 n.3 (9th Cir. 2023); *Emrit v. Bank of America, Inc.*, 566 Fed.Appx. 265 (4th Cir. 2014); *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Robbins v. Switzer*, 104 F.3d 895, 896 (7th Cir. 1997).

Plaintiff Aaron Voltz's second blank Motion to Proceed in Forma Pauperis [DE 4] is DENIED WITHOUT PREJUDICE.

The Clerk is directed to provide Voltz with a copy of this order, along with a blank AO 239 (INND) Motion to Proceed In Forma Pauperis.

No later than **January 5, 2024,** Voltz shall either pay the filing fee or submit a completed Motion to Proceed In Forma Pauperis. Failure to comply may result in the dismissal of this case without prejudice.

ENTERED: December 11, 2023.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**